IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

NANCY L. ANDERSON,           )
a/k/a NANCY L. BIRD,         )
                             )
            Plaintiff,       )
                             )
v.                           )  Case No. CIV-08-224-KEW
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social       )
Security Administration,     )
                             )
            Defendant.       )

## OPINION AND ORDER

Plaintiff Nancy L. Anderson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on January 13, 1956 and was 49 years old at the time of the ALJ's decision. She completed her high school education and technical training in graphic arts. Claimant has engaged in past relevant work as a video rental clerk, a cook, and a home health provider. Claimant alleges an inability to work

3

beginning March 1, 2005 due to chronic depression, anxiety disorder, rheumatoid arthritis, numbness in her right thigh and foot, hypertension, swelling, heart disease, gallbladder problems, hernia, nausea, fatigue, frequent headaches, concentration problems, and sleep problems.

## Procedural History

On May 15, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income under Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. On June 25, 2007, Claimant appeared at a hearing before ALJ Lantz McClain in Tulsa, Oklahoma. By decision dated September 19, 2007, the ALJ found Claimant was not disabled at any time through the date of the decision. On May 15, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform the light work of mail room clerk, and

4

laundry sorter.

## Errors Alleged for Review

Claimant asserts the ALJ committed error requiring reversal in (1) failing to adequately develop the record; (2) ignoring probative medical evidence which contradicted his findings; and (3) engaging in an erroneous credibility analysis.

## Duty to Develop the Record

Claimant contends the ALJ failed to fulfill his obligation to develop the record. On July 30, 2003, Claimant began seeing Dr. S. G. Lee for anxiety, depression, weakness, and fatigue. Dr. Lee found Claimant had "significant anxiety/depression." He began administering Zoloft to Claimant and was directed to discontinue its use if she did not tolerate it well. (Tr. 213-14).

On March 30, 2005, Claimant sought treatment from Dr. Chasteen, reporting that her rheumatoid arthritis was worsening and she was tired all of the time. Dr. Chasteen diagnosed Claimant with rheumatoid arthritis, irritable bowel syndrome, morbid obesity, hypertension, anxiety, improved insomnia, and major depressive disorder. Claimant was referred to Dr. Hensley for her depressive disorder. (Tr. 227).

On April 14, 2005, Claimant consulted with Dr. Chasteen regarding an anxiety attack she had had the day before. Dr.

Chasteen made a similar diagnosis as in the prior visit.

On April 20, 2005, Claimant was evaluated by Dr. Hensley for anxiety and depression. She reported repeated panic attacks, flashbacks, and nightmares. Dr. Hensley diagnosed Claimant with post-traumatic stress disorder and major depressive disorder and prescribed medication. (Tr. 221-22).

On May 26, 2005, Claimant reported to Dr. Hensley that she was not crying as much but was still depressed. He continued his treatment with medication. (Tr. 223).

On June 13, 2006, Dr. Melinda Shaver, a psychiatrist, performed a consultative psychological evaluation of Claimant. Claimant reported constant pain in her spine and anxiety. Dr. Shaver noted memory problems, panic attacks, and hypersensitivity to supervisors' criticism. Claimant also reported problems with depression, frequent crying, and concentration difficulties. Dr. Shaver diagnosed Claimant at Axis I: Panic Disorder with Agoraphobia, Primary Insomnia, and Major Depressive Disorder, recurrent, moderate; Axis II: No diagnosis; Axis III: Deferred to physician; Axis IV: Problems with primary support group, problems related to social environment, occupational problems, economic problems, problems with access to healthcare services; and Axis V: GAF 45. (Tr. 304-08).

On July 6, 2006, Dr. Baha Abu-Esheh completed a consultative physical examination of Claimant. Claimant reported hypertension, joint pain, morning stiffness, and swelling as well as her problems with anxiety and problems with being around people. Dr. Abu-Esheh noted Claimant was obese, weighing 257 pounds. He noted Claimant had a history of hypertension, rheumatoid arthritis without joint deformities, chronic back pain with probable L5 radiculopathy, anxiety disorder, and recurrent chest pain. He stated Claimant needed to follow-up with her doctors for proper evaluation of her symptoms. Dr. Abu-Esheh also stated Claimant "might need an MRI and nerve conduction studies to evaluate for her radiculopathy." (Tr. 330-33).

At the administrative hearing, both Claimant and Claimant's counsel informed the ALJ that Claimant had started some treatment with Bill Willis Mental Health in Wagoner, Oklahoma. Claimant's counsel urged the ALJ to obtain the records for a complete evaluation of Claimant's mental health. (Tr. 27, 40-41). The administrative record does not contain any of these treatment records. Additionally, Claimant revealed she had sought treatment for anxiety and high blood pressure from Dr. Casey Hanna at the free clinic between June of 2004 and May of 2006 with continuing appointments. (Tr. 146). Claimant testified at the administrative

7

hearing that she sought treatment from Dr. Hanna on four occasions. (Tr. 41-42). Yet, the medical record only contains treatment records from one visit. (Tr. 302).

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361. Further, in cases where the claimant was represented by counsel at the hearing before the ALJ, "the ALJ

should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored," and the ALJ "may ordinarily require counsel to identify the issue or issues requiring further development." Branum v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Hawkins v. Chater, 113 F.3d 1162, 1167 (10th Cir. 1997); See also, Maes v. Astrue, 522 F.3d 1093, 1096-97 (10th Cir. 2008).

Claimant's counsel expressed a need for the medical records from Dr. Hanna and Bill Willis. The ALJ did not obtain the records that were brought to his attention. These records represented Claimant's most recent attempts to obtain treatment. The ALJ was specifically critical of Claimant's lack of continuing medical treatment in finding her not credible. (Tr. 18). On remand, the ALJ shall make reasonable efforts to obtain these records and consider their content before reaching a decision on Claimant's limitations and credibility.

Additionally, Dr. Abu-Esheh specifically recommended supplemental testing of Claimant's back condition before reaching a conclusion. The testing was apparently never accomplished. On remand, the ALJ shall consider whether ordering such testing is required for a fully developed record. In the same vein, the ALJ

9

shall consider whether a consultative examination of Claimant's back condition is required in order to fully consider the extent of any impairment Claimant's the condition may impose.

### Consideration of Probative Evidence

Claimant next contends the ALJ failed to consider the probative evidence which contradicted his findings. Specifically, Claimant refers to Dr. Shaver's GAF finding and Claimant's repeated reports of anxiety and panic attacks. Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). In this regard, the ALJ shall at least consider the low GAF assessment on remand. It appears from the record the ALJ did adequately consider Claimant's reports of panic attacks.

### Evaluation of Claimant's Credibility

As this Court has discussed previously in this Opinion, the failure to obtain medical records and, therefore, adequately

develop the medical record adversely affected the ALJ's determination on Claimant's credibility. On remand, the ALJ shall re-evaluate his analysis of Claimant's credibility in light of the content of these additional treatment records.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 28th day of September, 2009.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE